UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TONYA SPEARMAN         *
    Plaintiff         *
             *
   v.            *    CIVIL NO. L-11-0712
             *
BALTIMORE COUNTY,      *
MARYLAND et al.        *
    Defendants       *
            *******

## MEMORANDUM

This case was removed from the Circuit Court for Baltimore County. Plaintiff Tonya Spearman seeks a writ of mandamus to compel Baltimore County, Maryland (the "County") to hold a pre-termination hearing regarding her benefits under Section 8 of the United States Housing Act of 1937 (the "Federal Housing Act"). Spearman also seeks injunctive relief that would prohibit the County from terminating her benefits until such hearing is held.

Now pending is Spearman's Motion to Remand. Docket No. 17. The Motion is fully briefed, and the Court held a hearing on April 26, 2011. Having carefully reviewed the papers and considered the arguments of counsel, the Court will, by separate Order of even date, DENY the Motion.

## I.   Background

The facts are more fully set forth in the parties' briefs and the Court's Letter Order of April 18, 2011. The essential facts are as follows.

Spearman received benefits under Section 8 of the Federal Housing Act. When the Defendants threatened to summarily terminate her benefits, she filed suit in the Circuit Court for Baltimore County. In her Complaint, she seeks

> to secure rights guaranteed by the Maryland common law of administrative due process, the [Federal Housing Act and its implementing regulations], the Due Process Clause[s] of the Maryland Constitution and of the Fourteenth Amendment to the United States Constitution. Specifically, Ms. Spearman <u>seeks a writ of mandamus</u> to compel a hearing on charges that she failed to comply with the requirements of the so-called Section 8 program. . . . <u>Ancillary to such relief</u>, she seeks temporary, preliminary and permanent relief to enjoin the Defendants from discontinuing her housing assistance rent subsidy pending the holding of such a hearing.

Compl. 2 (emphasis added). The County terminated Spearman's benefits shortly after she filed suit.

On March 16, 2011, a judge of the Circuit Court for Baltimore County denied Spearman's Motion for a Temporary Restraining Order. The County then removed the case to this Court. It contends that because Spearman seeks to enforce procedures created by the Federal Housing Act and its implementing regulations, the case "arises under" Federal law for purposes of federal question jurisdiction and the removal statute. <u>See</u> 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 1441 ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable. . . .").

Spearman concedes that injunctive relief is available under the Federal Housing Act. Nevertheless, she argues that she only seeks a writ of mandamus, and that all other relief is ancillary to that claim. It is undisputed that a United States District Court cannot issue a writ of mandamus against a local official. Therefore, Spearman contends that the case must be remanded to the Circuit Court from Baltimore County.

## II. Discussion

As is frequently the case in federal court, the Court must resolve a procedural issue before the merits can be litigated. Moreover, as counsel and the Court acknowledged at the hearing, the facts of this case could easily serve as a hypothetical for a Federal Courts law school examination. Putting these issues aside, the Court turns to the pending Motion.

### A. Standard of Review

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). A defendant seeking removal bears the burden of demonstrating that jurisdiction is proper. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296-97 (4th Cir. 2008).

### B. Analysis

The County's Motion requires the Court to decide whether Spearman's action is "founded on a claim or right arising under the . . . laws of the United States." 28 U.S.C. § 1441. Under the well-pleaded complaint rule, a case arises under federal law only when a federal question "appear[s] on the face of the complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, the Fourth Circuit has explained that federal district courts have jurisdiction "to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002).

Spearman's Complaint falls into the latter category. Spearman claims that the Defendants have violated the Federal Housing Act and its implementing regulations. Spearman's Complaint could also be read as alleging a claim under 42 U.S.C. § 1983 for violation of her Due Process Rights under the Fourteenth Amendment of the United States Constitution. Either one of these legal theories will require a fact-finder to determine whether the Defendants have complied with federal law.

Several cases from other courts in this Circuit are instructive. In <u>Wyatt v. Sussex Surry, LLC</u>, 482 F. Supp. 2d 740 (E.D. Va. 2007), several property owners brought state tort law claims for negligence, nuisance, and trespass against the owner of a neighboring recycling company. <u>Id.</u> at 741-42. The court held that the case did not raise a substantial federal question because the recycling company's alleged compliance with federal regulations was raised as an affirmative defense and was not placed in issue by the plaintiffs' state law claims. <u>Id.</u> at 745.

Similarly, in <u>Greene v. General Motors Corporation</u>, 261 F. Supp. 2d 414 (W.D.N.C. 2003), the plaintiffs brought state law claims for unfair and deceptive trade practices. <u>Inter alia</u>, they alleged that General Motors' failure to comply with warranty standards established by federal law was a violation of those standards and, consequently, an unfair and deceptive trade practice under state law. <u>Id.</u> at 416. The district court remanded, finding that the plaintiffs invoked federal law only as evidence that the defendants had committed unfair and deceptive trade practices. <u>Id.</u> at 417.

These cases buttress the Court's conclusion that it has jurisdiction. Spearman has specifically invoked the rights afforded to her by the Federal Housing Act and the United States Constitution. Unlike the cases mentioned above, federal law is at the very heart of her Complaint. Although the well-pleased Complaint rule permits a plaintiff to forego a federal

cause of action, Spearman cannot circumvent the Court's jurisdiction by claiming that she seeks only a writ of mandamus. This Court has the authority to enjoin the Defendants from further violating Spearman's rights until they have complied with the procedures afforded by the Federal Housing Act and the Due Process Clause.[1]

**III.    Conclusion**

For the reasons above, the Court hereby DENIES the Motion to Remand and DISMISSES the claim for a writ of mandamus. Having reached this ruling, the Court must decide what to do with the remainder of Spearman's Complaint.

The Court respects Spearman's desire to seek all available relief and litigate this case in the forum of her choosing. Spearman could amend her Complaint to assert purely state-law claims. More specifically, Spearman could allege that the County's administration of her benefits violated rights due to her under Maryland's common law of administrative due process and the Maryland analogue to the Due Process Clause.

The Court also recognizes that the parties seek a speedy resolution of this case. Accordingly, the Court will, by separate Order of even date, DIRECT the parties to file a joint status report that addresses the following issues:

(i)     Whether Spearman will amend her Complaint to assert purely state-law claims, whether Spearman will amend her Complaint to assert additional federal claims, or whether Spearman will move forward under the existing Complaint;

(ii)    If Spearman amends her Complaint to assert purely state-law claims, whether the Court should remand the case; and

(iii)   Whether the Court should schedule discovery or proceed with a hearing on the Motion for a Preliminary Injunction.

---

[1] Such an injunction would, in essence, have the same effect as the writ of mandamus that Spearman seeks.

5

Dated this  29th  day of April, 2011                    /s/            
Benson Everett Legg
United States District Judge